**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas A. Callan,            ) | No. 06-1024-PHX-DGC (LOA) |
|                              ) | |
|     Plaintiff,               ) | **ORDER** |
|                              ) | |
| vs.                          ) | |
|                              ) | |
| Internal Revenue Service Commissioner; ) | |
| Treasury, Department of; United States ) | |
| Tax Court,                   ) | |
|                              ) | |
|     Defendants.              ) | |
|                              ) | |

Defendants have filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (5) and (6). Dkt. #15. Plaintiff has filed a motion to strike Defendants' motion (Dkt. #21), a motion for production of documents (Dkt. #22), a "Motion to Rule for Plaintiff" (Dkt. #25), and a motion to amend his "Motion to Rule for Plaintiff." Dkt. #26. Defendants, in turn, have filed a motion to strike Plaintiff's "Motion to Rule for Plaintiff" and motion to amend. Dkt. #28. The Court has reviewed the memoranda filed by the parties. Dkt. ##15, 20-23, 25-28. For reasons discussed below, the Court will grant Defendants' motion to dismiss and deny the remaining motions as moot.

**I.     Background.**

In 2005, Plaintiff submitted requests under the Freedom of Information Act ("FOIA") to the IRS National Disclosure Office in Washington, D.C., and to Campus Disclosure

1  Offices in Fresno, California; Oakland, California; and Ogden, Utah. Dkt. #15, Lambert-
2  Dean Decl. ¶ 3. Plaintiff sought documents pertaining to his tax liability from 2000-2005,
3  including certain Treasury Department Orders, all personal tax documents related to Plaintiff,
4  and documents regarding the general taxing authority of the federal government. *Id*. ¶ 4.
5  The Fresno Office responded to Plaintiff's request, providing him with the requested
6  information to the extent possible and informing him of documents the IRS either did not
7  have or had no duty to provide, along with the means for obtaining certain tax documents
8  outside the FOIA process. *Id*. ¶ 5. The National Office disclosed two additional documents,
9  the Ogden Office did not process his claim because it was duplicative of the claim being
10 handled by the Fresno Office, and the Oakland Office closed out his request because it was
11 procedurally deficient. *Id*. ¶¶ 6-8.
12        After receiving the responses to his FOIA requests, Plaintiff did not file an
13 administrative appeal. *Id*. ¶ 9. Apparently believing the Defendants' responses to be
14 insufficient, however, Plaintiff filed a petition in the U.S. Tax Court on November 30, 2005,
15 which was dismissed for failure to state a claim on April 3, 2006. Dkt. #1, Ex. 101. Plaintiff
16 then filed a complaint in this Court entitled "Plaintiff Requests for the Production of
17 Documents and Information as Gauranteed [sic] Per FOIA[;] Plaintif [sic] Demands the
18 Defendant to State the Subject of the Alleged Tax and Answer the Following[;] Appeal of
19 US Tax Court Decision, Docet [sic] 22687-05S[;] Need for Writ of Prohibition to Prevent
20 the Taking of Property Without Valid Submission of Proof and Due Process." Dkt. #11.
21 **II.    Analysis.**
22        Defendants have moved to dismiss for lack of jurisdiction under Rule 12(b)(1),
23 insufficient service of process under Rule 12(b)(5), and failure to state a claim under Rule
24 12(b)(6). Dkt. #15. Their first argument is that Small Case decisions of the U.S. Tax Court
25 are not reviewable in any other court, pursuant to Internal Revenue Code 26 U.S.C. §
26 7463(b). This is correct. Plaintiff's tax court claim, 22687-05S, was a Small Case involving
27 a dispute of $50,000 or less, as identified by the "S" at the end of the case number. Dkt. #15
28 at 3. On April 3, 2006, Judge Lewis Carluzzo dismissed Plaintiff's claim. *Id*., Ex. 101. To

1  the extent that the complaint in this case is an appeal of the Tax Court's decision, the Court
2  lacks subject matter jurisdiction.

3  Defendants next argue that the Court lacks subject matter jurisdiction because Plaintiff
4  has not exhausted his administrative remedies. FOIA requires a plaintiff to exhaust
5  administrative remedies before seeking judicial review. 5 U.S.C. § 552(a)(3)-(a)(6), *Hyman*
6  *v. MSPB*, 799 F.2d 1421, 1423 (9th Cir. 1986) (overruled on other grounds by *Irwin v.*
7  *Department of Veterans Affairs*, 498 U.S. 89 (1990)); *United States v. United States District*
8  *Court*, 717 F.2d 478, 480 (9th Cir. 1983). Exhaustion is deemed to have occurred when a
9  plaintiff's FOIA requests go unanswered, even if the plaintiff has not pursued all
10 administrative remedies. 5 U.S.C. § 552(a)(6)(C). Courts have interpreted the exhaustion
11 requirement the same as a subject matter jurisdictional requirement. *See, e.g.*, *Hymen*, 799
12 F.2d at 1423. The Court must therefore determine whether Defendants responded to
13 Plaintiff's FOIA requests to determine whether Plaintiff has exhausted his administrative
14 remedies. Because this is a fact-intensive inquiry under Rule 12(b)(1), the Court "may
15 review evidence beyond the complaint without converting the motion to dismiss to a motion
16 for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.
17 2004).

18 The Court has reviewed the record to determine the underlying basis for Plaintiff's
19 claim that Defendants failed to respond to his FOIA requests. In his "Motion to Rule for
20 Plaintiff," Plaintiff states that he was not born in the United States, but rather Connecticut,
21 and as such is not subject to the jurisdiction of the "bankrupt Corporation of the United
22 States." Dkt. #25 at 3. Plaintiff believes that by using "ALL CAPS" for names on official
23 documents such as birth certificates and driver's licenses, the United States has created
24 "straw men" or fictional people whom it uses to extract tax payments from individuals like
25 Plaintiff. Dkt. #22. Plaintiff argues that a "name written in ALL-CAPITAL-LETTERS is
26 not a sentient, flesh and blood human being. It is a corporation, fiction or deceased person."
27 *Id*. According to Plaintiff, "[t]he actual bottom line of this is, All [sic] assets generated BY
28 and THROUGH my straw man account, BASED on my existence and personal value and

1  credit, BELONGS TO ME." *Id.* Plaintiff believes he has zero tax liability. Dkt. #25 at 6.
2  He seeks "to move on in life without the molestation, frivolous, groundless and illegal
3  actions of the Defendant organization as they continue to kill the country and funnel monies
4  out of the economy of the United States of America under a guise." Dkt. #11 at 5.

5  Plaintiff has not pleaded that any FOIA requests went unanswered. His response
6  states that questions that were "easy to answer, have been avoided" (Dkt. #20 at 1), but he
7  fails to specify which responses he finds unsatisfactory. Plaintiff appears to be disappointed
8  in the extent of Defendants' response, but that does not mean that Defendants have not
9  responded to his FOIA requests. It appears Plaintiff would only be satisfied with documents
10 admitting that the United States does not have taxing authority over him.

11 While Plaintiff may object to what he considers a lack of responsiveness on the part
12 of Defendants, the record shows that Plaintiff's FOIA requests were answered to the fullest
13 extent possible. The Fresno Campus Disclosure Office responded substantively to Plaintiff's
14 requests on November 7, 2005. Dkt. #15, Lambert-Dean Decl. ¶ 5. The National Office
15 disclosed two additional Treasury Department Orders on two occasions – September 20,
16 2005 and November 1, 2005. *Id.* ¶ 6-7. The Ogden Campus Disclosure Office responded
17 on October 18, 2005 that it would not be processing Plaintiff's request because it was
18 identical to the request already being handled through the Fresno office. *Id.* ¶ 8.

19 Defendants provided Plaintiff with all the documents to which he was entitled under
20 FOIA, and disclosed the reasons they could not provide certain documents and alternate
21 avenues for Plaintiff to obtain many of those documents. *Id.* ¶ 5. Additionally, Defendants
22 explained that they were under no obligation to justify or explain the Government's taxing
23 authority to Plaintiff. *Id.* "FOIA neither requires an agency to answer questions disguised
24 as a FOIA request . . . or to create documents or opinions in response to an individual's
25 request for information." *Hudgins v. Internal Revenue Service*, 620 F.Supp. 19, 21 (D.D.C.
26 1985). "FOIA creates only a right of access to records, not a right to personal services." *Id.*

27
28

Finally, Plaintiff has not filed an administrative appeal pursuant to Treasury Regulation 601.702(c)(10), a prerequisite to judicial review absent IRS unresponsiveness to a FOIA request. Dkt. #15, Lambert-Dean Decl. ¶ 9.

Finding that Defendants answered Plaintiff's FOIA requests and that Plaintiff has failed to exhaust his administrative remedies, the Court will dismiss Plaintiff's complaint.[1] The Court will decline to address Defendants' arguments regarding service of process and failure to state a claim. The other motions filed by the parties will be denied as moot.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #15) is **granted**.
2. Plaintiff's motion to strike (Dkt. #21) is **denied**.
3. Plaintiff's motion to produce documents (Dkt. #22) is **denied**.
4. Plaintiff's motion to rule for Plaintiff (Dkt. #25) is **denied**.
5. Plaintiff's motion to amend (Dkt. #26) is **denied**.
6. Defendants' motion to strike (Dkt. #28) is **denied**.
7. The Clerk of the Court is directed to terminate this action.

DATED this 20th day of February, 2007.

David G. Campbell
United States District Judge

---

[1] The Court agrees with Defendants that neither the U.S. Tax Court, which is not subject to FOIA, nor the IRS Commissioner, are proper defendants in this action. *See Lawrence v. C.I.R.*, No. 99-251 RT, 2000 WL 637351, *1 (C.D. Cal. March 2, 2000) (stating that an individual officer is not a proper defendant in a FOIA action).

- 5 -